**Hector VARGAS, Plaintiff–Appellant,**

**Alejandrina Vargas, Plaintiff,***

**v.**

**Eric WUGHALTER, Tom Torres, Martin Blum, S.W. Management LLC, Stanley Wasserman, Law Firm of Rogers, Wughalter and Kaufman, 2727**

---

* Alejandrina Vargas is not a party before this court because she did not file a notice of appeal. *See* Fed. R.App. P. 3(c)(1) (requiring notice to "specify the party or parties taking the appeal"). In any event, like the district court, we would conclude that Hector Vargas's allegations do not pertain to her.

Realty, LLC, 2727 University Avenue LLC, City of New York, City Marshal Thomas J. Bia, Judge Julia I. Rodriguez, SG2 Management, LLC, Defendants–Appellees.

No. 09–3764–cv.

United States Court of Appeals, Second Circuit.

June 14, 2010.

Hector Vargas, pro se, New York, NY, for appellant.

Howard Rothschild (Robert A. Sparer, Daniel W. Morris, Clifton, Budd & DeMaria, LLP, on the brief), New York, NY, for Tom Torres, Martin Blum, S.W. Management LLC, Stanley Wasserman, and 2727 Realty LLC.

Patrick J. Walsh, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, on the brief), for Andrew M. Cuomo, Attorney General of the State of New York, New York, NY, for Judge Julia I. Rodriguez.

Kenneth D. Litwack, Bayside, NY, for City Marshal Thomas J. Bia.

PRESENT: JON O. NEWMAN, CHESTER J. STRAUB, REENA RAGGI, Circuit Judges.

**SUMMARY ORDER**

*Pro se* plaintiff Hector Vargas sued defendants for, *inter alia,* conspiring to deprive him of various constitutional and contractual rights. He now appeals from the dismissal of his complaint for failure to state a claim. *See* Fed.R.Civ.P. 12(b)(6). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review the dismissal of a complaint *de novo,* "accepting all factual allegations as true, but giving no effect to legal conclusions couched as factual allegations." *Starr v. Sony BMG Music Entm't,* 592 F.3d 314, 321 (2d Cir.2010) (internal quotation marks omitted). Although we liberally construe Vargas's *pro se* complaint, *see Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 474 (2d Cir.2006), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,' " *Ashcroft v. Iqbal,* —— U.S. ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)); *see also Harris v. Mills,* 572 F.3d 66, 72 (2d Cir. 2009) (applying *Iqbal* and *Twombly* to *pro se* complaint). Our *de novo* review of the record confirms that Vargas's complaint failed to meet this standard. We therefore affirm the judgment of the district court substantially for the reasons stated in its thorough and well-reasoned decision.

We have considered Vargas's other arguments on appeal and conclude that they are without merit. Accordingly, we AFFIRM the judgment of the district court.

We have also considered the motion by defendants 2727 Realty LLC, Stanley Wasserman, S.W. Management LLC, Martin Blum, and Tom Torres for an injunction precluding future litigation by Vargas without his first obtaining this court's approval. Although we DENY defendants' motion to impose a sanction today, we warn Vargas that filing future meritless appeals may lead to the imposition of monetary sanctions and/or leave-to-file require-

ments in this court. *See In re Martin–Trigona*, 9 F.3d 226, 229 (2d Cir.1993).